# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

___

LAWRENCE FRUMUSA,

                      Petitioner,

      -vs-

UNITED STATES BANKRUPTCY COURT,
WESTERN DISTRICT OF NEW YORK,

                      Respondent.

DECISION & ORDER

09-CV-6539-CJS

Bankruptcy Case
No. 09-21527-JCN

___

**Siragusa, J.** Before the Court[1] is a Petition and Second Amended Petition filed by Lawrence Frumusa ("Frumusa") seeking a writ of mandamus directed at the Honorable John C. Ninfo, U.S. Bankruptcy Judge. Frumusa specifically writes in his original petition the following:

> This is an action in the nature of Mandamus in which the Petitioner who is the Debtor or the sole managing member of the Debtor in several related bankruptcy cases, respectfully submit this petition acting as Pro-Se representation, hereby requesting that this Court issue a Writ of Mandamus directing the United States Bankruptcy Court for the Western District of New York to grant an Order, under 28 U.S.C. §455, that the Honorable John C. Ninfo recuse himself in all related bankruptcy cases of the Petitioner. with supporting facts as follows.

(Petition 1.) In an amended petition, Frumusa expresses concern with this Court's prior decision in 09-CV-6448, and he contends, that it "is clear to [him] that the many ex parte discussion [sic] and activities here in Rochester, are unfortunately creating a bias and prejudice that resonates in all cases I have in your Honor[']s Court." (Am. Petition 1.)

___

[1]Although Petitioner wrote on his original petition that the case was before Chief Judge Arcara in Buffalo, the Clerk has assigned the case to the undersigned. The Court previously issued a Decision and Order in 09-CV-6439 in which it determined that Frumusa, as Appellant, had not complied with the Bankruptcy Rules for filing an appeal. In that matter, Frumusa failed to provide any details of the basis for his appeal. It appears now, that in reviewing the present case, Frumusa was confused about

First, in its Decision and Order in 09-CV-6448, involving Bankruptcy Case No. 09-21126, the Court directed Petitioner to obtain counsel, or face dismissal. Although Frumusa certainly can represent himself in this Court, he is asking for relief involving Bankruptcy cases that include corporations or partnerships. Frumusa has no capability to represent any corporation in this court as a pro se litigant. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation. We have extended this reasoning to partnerships and single shareholder corporations…. Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney.") (citations omitted). In view of the complexities involved in this matter, the Court directs Petitioner to obtain counsel by January 15, 2010, or further amend his petition to include only the personal bankruptcy case, and not the cases in which he is a "sole managing member" of a debtor that is a corporation or partnership.

Although plaintiffs have a right to proceed *pro se* in civil actions pursuant to 28 U.S.C. § 1654 ("in all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."), a *pro se* plaintiff may not seek to represent the interests of third parties. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (preventing pro se plaintiff from representing interests of decedent's estate); *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (*per curiam*) (preventing *pro se* plaintiff from representing interests of corporation); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (preventing *pro se* plaintiff from bringing shareholder derivative suit); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (preventing

layperson from representing a partnership); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (preventing parent from appearing pro se on behalf of her minor child).

In addition to the Court's concerns about representation, it does not appear to the Court that on the merits Frumusa is entitled to relief. Frumusa has represented that Judge Ninfo has already ruled on the record on his motion to recuse:

> On August 3, 2009 and again on August 25, 2009 the Debtor moved for the recusal of the Honorable John C. Ninfo in the bankruptcy cases cited above pursuant to 28 U.S.C. § 455. As clearly demonstrated in attached affidavits recusal was warranted as a result of personal bias and prejudice against the Debtor. On August 27, 2009 the Court held a hearing on the Debtor[']s motion and ruling from the bench to deny the motions to recuse, however there still has not been issued an order to the effect indicating findings of fact or reasoning.

(Petition 2.) A writ of mandamus may only issue when the right to relief is clear. The Second Circuit has held that,

> Mandamus is properly granted for two purposes:
>
> (1) Protection of a superior court's mandate, *see General Atomic Co. v. Felter*, 436 U.S. 493, 497 (1978), to assure that "the terms of the mandate [are] scrupulously and fully carried out," and that the inferior court's "actions on remand [are] not ... inconsistent with either the express terms or the spirit of the mandate," *In re Ivan F. Boesky Sec. Litig.* (*Kidder, Peabody & Co. v. Maxus Energy Corp.*), 957 F.2d 65, 69 (2d Cir.1992) (citation and internal quotation marks omitted); or
>
> (2) Restraining an inferior court from detours into areas in which it lacks jurisdiction (or, in some instances, forcing an inferior court to take an obligatory action), *see Ex parte Republic of Peru*, 318 U.S. 578, 583 (1943).

*In re F.C.C.*, 217 F.3d 125, 133 (2d Cir. 2000). With regard to recusal, although a district court is empowered to use a writ of mandamus to order a Bankruptcy Judge's recusal, "such a remedy is rarely granted." *In re Ad Hoc Committee of Tort Victims*, 327 B.R. 138, 141 (S.D.N.Y. 2005), *citing In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d

Cir. 1988); 28 U.S.C. § 1651 (1949) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). What the Second Circuit made clear in its *Drexel* decision was that,

> "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976); *see also Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (*per curiam*). Further, it is well-settled that the exceptional remedy of mandamus will only be invoked where the petitioner has demonstrated that its right to such relief is "clear and *indisputable*." *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 18 (1983) (emphasis added); *Allied Chem. Corp.*, 449 U.S. at 35; *In re International Business Machines Corp.*, 618 F.2d 923, 927 (2d Cir. 1980). Were this not so, mandamus applications to review a judge's refusal to recuse would become an effective tactic for harassment and delay.

*Id*., 861 F.2d at 1312.

The difficulty in this case is that, with the exception of any personal bankruptcy of his own, Frumusa is not an appropriate representative of the entities who are parties to the Bankruptcy proceedings on whose behalf he seeks the writ. It appears to the Court that Frumusa has obtained papers from a recusal motion involving the Honorable Prudence C. Beatty, a Bankruptcy judge in the Southern District of New York. Frumusa's papers in the action before this Court state, without citation to any case: "Thus, the November 1, 2004 hearing further reveals that Judge Beatty's impartiality should reasonably be questioned. 28 U.S.C. § 455(a). would suffer irreparable harm if the Petitioner's request for relief is not granted." (Petition 10.) Interestingly, Judge Beatty was the subject of the proceedings in *In re Ad Hoc Committee of Tort Victims*, No. 04CV08934CSH, 2004 WL 2755504 (S.D.N.Y. Dec. 1, 2004), the decision for which states, in part, "Judge Beatty conducted a hearing on the motion on November 1, 2004, and indicated from the bench that she would deny the

motion, directing counsel for the Debtor to prepare a written order to that effect." *Id*. at *1. In addition, the Court cannot tell whether the two individuals signing a filing in this case as the Unsecured Creditors of Lawrence Frumusa Cases are also attempting to represent corporations[2] or partnerships in contravention of the holding in *Lattanzio*. Accordingly, it is hereby

ORDERED, that this action is stayed to allow Petitioner to retain counsel, or amend his petition as discussed above; and it is further

ORDERED, that unless Petitioner retains counsel by **January 22, 2010**, and the retained counsel files a notice of appearance, **or** unless Petitioner amends his Petition to seek relief only in the case or cases in which he is not attempting to represent corporate or partnership entities, by that date, the Court will dismiss this action.

IT IS SO ORDERED.

Dated: January 8, 2010
        Rochester, New York

        ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[2] The unsecured creditor's filing is signed by Mike Mussumeci, CEO Mussumeci Electric, Inc., and Gary Bunce, CEO SBM Interiors Co., Inc. ("Motion to Mandate the Honorable Judge Ninfo Recues from these proceeding," Docket No. 1-2 at 9–10.)